10-0045-cr
United States v. Briggs

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of February, two thousand eleven.

PRESENT: GUIDO CALABRESI,
GERARD E. LYNCH,
*Circuit Judges,*
DENISE COTE,
*District Judge.*[*]

_____

UNITED STATES OF AMERICA,
*Appellee,*

v.                                                      No. 10-0045-cr

LEROY WASHINGTON,
*Defendant,*

*and*

KENYA BRIGGS,
*Defendant-Appellant.*

_____

[*] Honorable Denise Cote of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:     David S. Greenfield, Law Office of David S. Greenfield, New York, New York.

FOR APPELLEE:      Daniel P. Chung and Daniel A. Braun, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney, Southern District of New York.

Appeal from the United States District Court for the Southern District of New York (Denny Chin, *Judge*).

Pursuant to a plea agreement, Kenya Briggs pled guilty to a one-count Superseding Information that charged her with aiding and abetting the cashing of counterfeit checks, in violation of 18 U.S.C. §§ 2 and 513(a). The district court sentenced her to three years' probation and six months' home confinement, and ordered her to pay $64,971.10 in restitution. She appeals only from the restitution portion of her sentence. We assume the parties' familiarity with the other facts and procedural history of this case.

The restitution order represents the total value of all fourteen fake checks that Briggs helped to get cashed. On appeal, Briggs argues that the district court should have apportioned the restitution rather than making her jointly and severally liable for all of it. As Briggs notes, some of her co-conspirators have been ordered to pay smaller amounts of restitution or, in the case of the group's alleged mastermind, who pled guilty to other crimes and was not convicted in connection with this scheme, no restitution at all. Briggs argues that because the order of restitution in her case "failed to take into account the relative culpability of the parties" and "held her alone responsible for the full amount of restitution," the order was improper.

2

Because ordering restitution requires a district judge to balance a host of competing and complex factors, our review of such orders is "extremely deferential." United States v. Giwah, 84 F.3d 109, 114 (2d Cir. 1996). Generally, "[w]e review a district court's order of restitution for abuse of discretion." United States v. Lucien, 347 F.3d 45, 52 (2d Cir. 2003). To find such abuse, "we must conclude that a challenged ruling rests on an error of law, a clearly erroneous finding of fact, or otherwise cannot be located within the range of permissible decisions." United States v. Pearson, 570 F.3d 480, 486 (2d Cir. 2009) (per curiam) (quotation marks omitted). Where, as here, a defendant fails to object to a restitution order prior to appeal, we will review only for plain error. See FED. R. CRIM. P. 52(b); see also United States v. Carter, 489 F.3d 528, 537 (2d Cir. 2007) (if there is plain error, "we may exercise our discretion to notice the error, provided that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings"), citing Johnson v. United States, 520 U.S. 461, 466-67 (1997).

Here, there was no plain error, nor did the district court abuse its discretion by holding Briggs jointly and severally liable for the full amount of restitution. The district court's restitution order is consistent with the Mandatory Victims Restitution Act of 1996 (MVRA), which mandates that any restitution order "award restitution in the full amount of the victims' losses." United States v. Reifler, 446 F.3d 65, 134 (2d Cir. 2006); see also 18 U.S.C. § 3664(f)(1)(A). The MVRA requires a sentencing court to set the total amount of restitution to be paid, but grants it discretion to choose between apportioning restitution among co-defendants and making them liable jointly and severally. However, the MVRA

3

does not mandate apportionment.

Thus, Briggs is undoubtedly liable for the full amount of restitution here. Her only argument is that, because the district court had discretion under the MVRA to allocate restitution, it should have made such an allocation, based on Briggs's "relative culpability," and that the court's failure to do so was unreasonable. That argument is unpersuasive. The district court considered the possibility of allocation, but determined that Briggs was more culpable than some other defendants and deserved to be held jointly and severally liable for the full amount of restitution. The district court appears to have reached this conclusion partly because, unlike some of her partners, Briggs "played a role," albeit not a leading one, "in the cashing of all of the checks." To the extent that certain of her co-defendants were required to pay less, they were not similarly situated, having participated in cashing only a small number of checks, or having provided valuable cooperation to the authorities.

Finally, although defense counsel raised the issue of restitution at the sentencing hearing, he never objected to the district court's restitution decision. Indeed, at no point prior to this appeal did Briggs raise such an objection. To the contrary, Briggs acknowledged in her plea agreement that she would be liable for the full restitution amount. The agreement states: "The defendant agrees to pay $64,971.10 in restitution that is still due and owing," with an appended footnote that reads: "The parties agree that the amount of $64,971.10 is the amount currently owed." The restitution order is well supported by the plea agreement that Briggs signed, the findings and recommendations in the Presentence Investigation Report, the MVRA, and Briggs's admitted role in this criminal enterprise. Nothing in the record

4

indicates plain error or abuse of discretion by the district court.

We have considered Briggs's other arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
